UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSCAR TAPIA-FELIX,

    Petitioner,

v.

JOSIE GASTELO,

    Respondent.

Case No. 19-cv-00972-HSG

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, an inmate at California Men's Colony, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He has paid the filing fee. Dkt. No. 4.

## BACKGROUND

According to the petition, in 2017, Petitioner was convicted by a jury of second-degree murder (Cal. Penal Code § 187). Dkt. No. 1 ("Pet.") at 2. He was sentenced to fifteen years to life in state prison. Pet. at 1. His conviction was affirmed by the California Court of Appeal, and his petition for review was denied by the California Supreme Court. Petitioner reports that he did not file any state habeas petitions before filing this action. Pet. at 3. The instant action was filed on February 21, 2019. *See* Pet.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claim**

Petitioner claims that he is entitled to federal habeas relief because the trial court violated his due process rights under the Fifth and Fourteenth Amendment of the United States Constitution when it admitted evidence of several prior crimes. Dkt. No. 1 at 14. Liberally construed, the claim appears to state a cognizable federal due process claim under § 2254 and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The Clerk shall mail a copy of this order and the petition with all attachments to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3.     Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within

1 **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court
2 and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3     4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 5/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge